UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TORY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case: |
| | ) | |
| v. | ) | |
| | ) | |
| NEW HARRISON HOTEL | ) | |
| CORPORATION. d/b/a TRAVELODGE BY | ) | Jury Trial Demanded |
| WYNDHAM DOWNTOWN CHICAGO, | ) | |
| | ) | |
| Defendant. | | |

**FIRST AMENDED COMPLAINT**

**NOW COMES** Plaintiff, Tory Thomas ("Plaintiff"), by and through the undersigned counsel, hereby files this First Amended Complaint against New Harrison Hotel Corp. d/b/a Travelodge by Wyndham Downtown Chicago ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants sex-based discrimination under Title VII.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Tory Thomas, resided in Cook County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, New Harrison Hotel Corp. d/b/a Travelodge by Wyndham Downtown Chicago is a LLC doing business in and for Cook County, Illinois, whose address is 65 East Harrison, Chicago, Illinois 60605.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Front Desk Agent from March 12, 2022 through April 17, 2022.

13. Since at least March 12, 2022 through April 17, 2022, Defendant subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

14. Plaintiff is male and homosexual and is a member of a protected class because of his sex whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

15. On or about March 12, 2022, Plaintiff received his first schedule from Front Desk Manager, Tiara Epps.

16. Ms. Epps had Plaintiff scheduled to start his shift at 6 a.m.

17. Plaintiff informed Ms. Epps that he utilized public transportation and as such, would not be able to make it for his shift until 7 a.m.

18. Plaintiff requested that his shift be moved to 7 a.m. and Ms. Epps denied his request.

19. On or about March 14, 2022, Plaintiff then spoke with his fellow co-worker, Donny (Last Name Unknown), who informed Plaintiff that he also is unable to make it to work at 6 a.m. due to public transportation schedules and Ms. Epps allows Donny to arrive at 7 a.m. for shifts.

20. From March 14, 2022 to April 17, 2022, Plaintiff received two write-ups for showing up to work at 7 a.m. rather than 6 a.m.

21. Plaintiff asked Ms. Epps why Donny was allowed to arrive at work at 7 a.m. and Plaintiff was not.

22. Ms. Epps told Plaintiff that Donny was allowed to come in at 7 a.m. for his shifts because Donny had requested the schedule change upon being hired.

23. However, Donny informed Plaintiff that he had requested the schedule change after receiving the first schedule, just as Plaintiff had.

24. On or about April 17, 2022, Plaintiff realized he was treated different from other employees and asked Ms. Epps to speak in her office where he once again asked her why she approved Donny's request and not Plaintiff's—telling Ms. Epps "I feel like you are setting me up for failure."

25. Ms. Epps replied screaming "You are a f*ggot. You need to worry about yourself" and physically lunging for Plaintiff and chasing him, causing him to need to retreat away from her.

26. Ms. Epps had Plaintiff escorted out and told security that Plaintiff had been terminated and to get him off of the premises.

27. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

28. Plaintiff was unlawfully terminated because of his sex, (homosexual male) on April 17, 2022.

29. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

30. Plaintiff was targeted for termination because of his sex.

31. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

32. There is a basis for employer liability for the sex-based harassment that Plaintiff was subjected to.

33. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

4

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

34. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

35. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

36. Plaintiff met or exceeded performance expectations.

37. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

38. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

39. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex.

40. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

41. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Harassment)

42. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

44. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of

5

1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's sex, female.

45. Defendant knew or should have known of the harassment.

46. The sex-based harassment was severe or pervasive.

47. The sex-based harassment was offensive subjectively and objectively.

48. The sex-based harassment was unwelcomed.

49. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

50. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

51. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

52. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

53. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex discrimination and/or sex-based harassment.

54. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

55. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex discrimination and/or harassment.

56. Defendant also failed to take necessary precautions to prevent further recurrences

of the discriminatory and harassing conduct complained of by Plaintiff.

57. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

58. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the sex-based discrimination and/or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

59. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

60. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 20th day of November, 2023.

                                        */s/ Alexander J. Taylor*
                                        **ALEXANDER J. TAYLOR, ESQ.**
                                        *Counsel for Plaintiff*
                                        **SULAIMAN LAW GROUP, LTD**
                                        2500 South Highland Avenue, Suite 200
                                        Lombard, IL 60148
                                        Telephone: (331) 272-1942
                                        Facsimile: (630) 575-8188
                                        Email: ataylor@sulaimanlaw.com